[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14905
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00126-WKW-PWG

REGINA VICKERS,

Plaintiff-Appellant,

versus

HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 14, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In March 2012 Regina Vickers began working for Aerotek, Inc., a temporary

staffing agency, which assigned her to work on an assembly line at Hyundai Motor

Manufacturing Alabama, LLC.  In May 2012 Vickers submitted a complaint to Aerotek and Hyundai claiming that Michael Miller, her supervisor and a Hyundai employee, had sexually harassed her.  She alleged that Miller made inappropriate comments to her and engaged in unwelcome touching.  Aerotek and Hyundai jointly investigated Vickers' allegations.

During that investigation, other workers did not corroborate Vickers' allegations of harassment and Miller denied them.  He and at least two other workers also informed investigators that Vickers herself had made several off-color comments during her time at Hyundai.  On one occasion, for instance, Vickers apparently said to Miller, "[W]hat you're not talking to me today?  If I had gave you some pussy it would have been different," or, "You're not going to talk to me anymore, because I wouldn't fix the fault on the machine?  It would have been the same way if I would have given you some pussy."  On another occasion, a worker asked Miller to help "put [something] in the back," to which Vickers responded, "Oh don't tell Mike to put it in the back!"  The parties appear to agree that Vickers' comment was sexual innuendo.

The investigation also revealed what Hyundai viewed as evidence of less than genuine motives on Vickers' part.  Two employees reported that Vickers had asked them whether a previous worker had won a $6 million sexual harassment

2

lawsuit against Hyundai. One of those employees also reported that Vickers had asked her "if you could be fired if you lied."

Based on those findings, Hyundai concluded that Vickers' complaint was without merit. It also concluded that her comments to and about Miller violated the company's anti-harassment policies. As a result, Hyundai requested that Aerotek reassign Vickers to a different company and banned her from its premises. Aerotek then terminated Vickers' employment with it.

Vickers filed this lawsuit in federal district court alleging that by banning her from its premises, Hyundai had retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. After discovery, Hyundai moved for summary judgment. The magistrate judge found that even if Vickers could establish a prima facie case of retaliation, she had not successfully rebutted Hyundai's proffered non-discriminatory reason for its actions. As such, the magistrate judge recommended granting summary judgment against Vickers. The district court agreed, adopted the magistrate judge's report and recommendation, and granted summary judgment to Hyundai. This is Vickers' appeal.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [s]he has made

a charge . . . under this subchapter."[1]  42 U.S.C. § 2000e-3(a).  If the plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to "proffer a legitimate, non-discriminatory reason for the adverse employment action."  Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 2013).  That burden "is exceedingly light."  Id. (quotation marks omitted).  And if the employer satisfies it, the burden shifts back to the plaintiff to "demonstrate that the employer's proffered explanations are a pretext for retaliation."  Id.

Hyundai contends that even if Vickers established a prima facie case of retaliation, it successfully proffered non-retaliatory reasons for its actions. Hyundai claims that it banned Vickers because it concluded that she made statements that violated the company's anti-harassment policies, it believed she lied during the investigation of her complaint, and it thought she filed her complaint against Miller in bad faith.  Those reasons satisfy Hyundai's "exceedingly light" burden to proffer legitimate, non-discriminatory reasons for its action.  Id.  The burden is therefore on Vickers to show that Hyundai's proffered explanations are pretextual.  Id.

To establish pretext, Vickers "must demonstrate that the proffered reason[s] [were] not the true reason[s] for the employment decision."  Jackson v. State of Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotation marks

---

[1] For purposes of summary judgment, Hyundai conceded that it was Vickers' employer under Title VII.

4

omitted).  And she can establish that "indirectly by showing that the employer's proffered explanation is unworthy of credence."  Id. (quotation marks omitted).  We must determine whether she has "demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Hyundai]'s proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  Id. (quotation marks omitted).

Vickers attempts to show pretext in three ways.  She first argues that Hyundai disavowed its explanation that it banned Vickers because it found that she violated its anti-harassment policy.  She cites the following deposition testimony from Kelly Rucker, a former Hyundai representative who sat on the committee that reviewed Vickers' complaint:

> Q:    [. . .] So is it your testimony, then, that the sole reason for her removal was at that she had filed a complaint which you-all believed to be — or you believed to be unsubstantiated?
>
> A.    We felt — The committee felt like — and I agreed with the committee — that it was made in not good faith.  We didn't —
>
> Q.    So the decision was not taken to remove her because of any statements that she made?
>
> A.    It was just that we believed that this was not a legitimate complaint.

Vickers asks us to construe that exchange as an admission that Hyundai had abandoned its other explanations for banning her.  The district court rejected that reading, stating, "Taken in context, the portion of Rucker's deposition that Vickers

5

quotes . . . does not support her assertion . . . ."  We agree with the district court.

Immediately after the exchange quoted above, Rucker discusses Vickers' comment

— the one that violated Hyundai's anti-harassment policies — and stated that

Hyundai "confirmed that [Vickers] made that statement."  Read in that context, we

do not construe Rucker's testimony as disavowing Hyundai's earlier explanation

that it removed Vickers because it believed she violated the company's anti-

harassment policies.

Vickers next argues that pretext is demonstrated by the fact that Hyundai

offered different reasons for its actions at different times.  Hyundai first claimed

that it banned Vickers based on her violation of company policy, but it later

claimed that it banned her because she lied and filed her complaint in bad faith.

We have said, however, that the existence of multiple non-retaliatory or non-

discriminatory reasons for the employer's action does not show pretext, especially

when those reasons are not inconsistent.  See Tidwell v. Cater Products, 135 F.3d

1422, 1428 (11th Cir. 1998) ("[T]he existence of a possible additional non-

discriminatory basis for [an employee's] terminaition does not prove pretext.");

Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1458 (11th Cir. 1997)

("Although the company gave differing explanations for the selection of

employees to be discharged . . . its reasons are not . . . necessarily inconsistent.").

Although Hyundai gave multiple reasons for banning Vickers from its premises,

6

that fact alone does not show pretext, especially since Hyundai's reasons were not inconsistent.

Finally, Vickers argues that Hyundai's reasons were pretextual because it did not discipline Miller, a similarly-situated employee, for engaging in the same type of misconduct. She asserts that Miller used profane language, which presumably violated Hyundai's anti-harassment policies, and lied during the investigation into her allegations against him. To succeed on that argument, Vickers would have to show that Miller engaged in conduct that was "nearly identical" to hers. Stone & Webster Constr., Inc. v. U.S. Dep't of Labor, 684 F.3d 1127, 1134–35 (11th Cir. 2012). "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

Vickers has failed to supply enough evidence to show that the quantity and quality of Miller's alleged misconduct was "nearly identical" to her own and that the proof of misconduct was the same. Miller and Vickers were both alleged to have engaged in conduct of a sexually harassing nature, but only Vickers was alleged to have filed in bad faith a false report. The only support for the allegations against Miller was Vickers' statements, while the allegations against Vickers were supported by statements of multiple witnesses. A reasonable

7

employer could have believed the allegations against Vickers but not those against Miller. And we "do not sit to review the accuracy of the employer's fact findings." Jones v. Bessemer Carraway Med. Ctr., 151 F.3d 1321, 1324 n.16 (11th Cir. 1998); see also Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1363 n.3 (11th Cir. 1999) ("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."); Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984) ("But Title VII does not take away an employer's right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules.").

Vickers has failed to meet her burden of establishing a genuine issue of material fact with regard to whether Hyundai's proffered reasons for its action were pretextual. For that reason, the district court did not err in granting summary judgment to Hyundai.

**AFFIRMED.**